IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JALAL SPEARMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 09 CV 1113 |
| | ) | |
| CITY OF CHICAGO and CHICAGO | ) | JUDGE HOLDERMAN |
| POLICE OFFICER BETANCOURT, #16976, | ) | MAGISTRATE JUDGE NOLAN |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS ANSWER, AFFIRMATIVE DEFENSES, 12(B)(6) DEFENSES, AND JURY DEMAND TO PLAINTIFF'S COMPLAINT**

Defendants, the City of Chicago ("City"), by its attorney, Mara S. Georges, Corporation Counsel for the City of Chicago and Individual Defendant Herbert Betancourt ("Defendant Officer"), by one of their attorneys, Thomas Freitag, Assistant Corporation Counsel, (collectively "Defendants") for their Answer, Affirmative Defenses, Fed. R. Civ. P. 12(b)(6) Defenses, and Jury Demand to Plaintiff's Complaint, state as follows:

1. This is a civil action arising under 42 U.S.C. §1983. The jurisdiction of this Court is conferred by 28 U.S.C. §1343 and 28 U.S.C. §1367.

**ANSWER:** Defendants admit the allegations contained in paragraph 1 of Plaintiff's Complaint, above, to the extent that Plaintiff purports in his Complaint to have federal and state claims, and that such jurisdiction would be proper for those claims, but Defendants deny any remaining allegations and complained of conduct contained in paragraph 1 of Plaintiff's Complaint, above.

2. Plaintiff Jalal Spearman is a resident of the Northern District of Illinois.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

3.     Defendants Betancourt, #16976 was at all times relevant acting under color of his authority as a police officer of the City of Chicago and is sued in his individual capacity.

**ANSWER:** Defendants admit that Defendant Betancourt was at all times relevant to this complaint acting in the scope of his employment and under color of law, but deny he engaged in the conduct complained of, consistent with their answers.

4.     Defendant City of Chicago is an Illinois municipal corporation. Plaintiff asserts a state law claim of potential indemnification against the City.

**ANSWER:** Defendants admit that the City of Chicago is a municipal corporation, duly incorporated under the laws of the State of Illinois, but deny any remaining allegations in this paragraph.

5.     Plaintiff was arrested in July 2007 and remained in custody until July 17, 2008 when he was released following his acquittal.

**ANSWER:** Defendants admit that Plaintiff was arrested in July of 2007, but are without knowledge sufficient to form a belief as to the truth of the remaining allegations in this paragraph

6.     Defendant Betancourt caused plaintiff to be arrested by signing a criminal complaint accusing plaintiff of a criminal offense.

**ANSWER:** Defendants admit that Defendant Betancourt signed a criminal complaint against Plaintiff for criminal drug conspiracy, and Plaintiff was arrested for criminal drug conspiracy, but deny any remaining allegations or any wrongful or illegal conduct.

7.     Defendant Betancourt caused plaintiff to be prosecuted by testifying before a grand jury and stating that plaintiff had committed a criminal offense.

**ANSWER:**  Defendants admit that Defendant Betancourt testified before a grand jury regarding Plaintiff's arrest for criminal drug conspiracy, but deny any remaining allegations and any wrongful or illegal conduct.

8. At all times relevant, the facts known to Betancourt did not establish probable cause for plaintiff's arrest or for his prosecution.

**ANSWER:** Defendants deny the allegations in this paragraph.

9. The above described actions of defendant Betancourt caused plaintiff to be deprived of rights secured by the Fourth and Fourteenth Amendments to the Constitution of the United States and to have been subjected to the Illinois tort of malicious prosecution.

**ANSWER:**  Defendants deny the allegations in this paragraph.

10. As a result of defendant's wrongful acts, plaintiff lost his job and his liberty for one year months and was required to retain counsel

**ANSWER:** Defendants are without knowledge of engagement of legal counsel relating to this arrest, and deny the remaining allegations contained in Paragraph 10.

### AFFIRMATIVE DEFENSES
### FIRST AFFIRMATIVE DEFENSE
### QUALIFIED IMMUNITY

Defendant Officer is a government official, namely police officer, who performed discretionary functions.  At all times material to the events alleged in Plaintiff's Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted Defendant could have believed his actions to be lawful, in light of clearly established law and the information that Defendant possessed.  Defendant, therefore, is entitled to qualified immunity as a matter of law.

### SECOND AFFIRMATIVE DEFENSE
### STATE TORT IMMUNITY ACT 745 ILCS 10/2-201

As to all state law claims, under the Illinois Tort Immunity Act, Defendant is not liable for any of the claims alleged because the decision to arrest Plaintiff was based upon the information and circumstances known to Defendant at the time, and was a discretionary decision for which he is immune from liability.  745 ILCS 10/2-201 (West 2006).

### THIRD AFFIRMATIVE DEFENSE
### STATE TORT IMMUNITY ACT 745 ILCS 10/2-202

Defendant Officer was working as police officers at the time of this incident. Therefore, as to all claims, under the Illinois Tort Immunity Act, Defendant is not liable for any of the claims alleged because a public employee is not liable for his or her acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute wilful and wanton conduct.  745 ILCS 10/2-202 (West 2006).

### FOURTH AFFIRMATIVE DEFENSE
### STATE TORT IMMUNITY ACT 745 ILCS 10/2-204

Defendant is not liable for any of Plaintiff's alleged claims because a public employee, as such and acting within the scope of his/her employment, is not liable for an injury caused by the act or omission of another person.  745 ILCS 10/2-204 (West 2006).

### FIFTH AFFIRMATIVE DEFENSE
### STATE TORT IMMUNITY ACT 745 ILCS 10/2-208

Under Illinois Tort immunity law, Defendant is not liable for injury allegedly caused by the instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, unless he acted maliciously and without probable cause. 745 ILCS 10/2-208(West 2006).

### SIXTH  AFFIRMATIVE DEFENSE

### STATE COMPARATIVE AND CONTRIBUTORY FAULT LAW

That any injuries or damages claimed by the Plaintiff against Defendant were caused, in whole or in part, by negligent, wilful and wanton, and intentional conduct of the Plaintiff. Even if Defendant was liable in damages, the total amount of damages to which Plaintiff would otherwise be entitled must be reduced by application of principles of comparative fault in proportion to the amount of the negligent, wilful and wanton and intentional conduct of Plaintiff which were the proximate cause of his injuries. In addition, at the time of the actions alleged in Plaintiff's Complaint, Illinois statute 735 ILCS 5/2-1116 (West 2006) was in effect and reduces a plaintiff's recovery according to his contributory negligence and bars his recovery entirely when a plaintiff is more than fifty percent (50%) of the proximate cause of the injury or damage for which recovery is sought.

### SEVENTH AFFIRMATIVE DEFENSE:
### MITIGATION OF DAMAGES

To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff has a duty to mitigate his damages, commensurate with the degree of failure to mitigate attributed to Plaintiff by a jury in this case.

### EIGHTH AFFIRMATIVE DEFENSE:

Defendant City is not liable to plaintiff if its employees or agents are not liable to the plaintiff. 745 ILCS 10/2-109 (2006).

### FED. RULE CIV. PRO. 12(b)(6) DEFENSES
### FIRST 12(b)(6) DEFENSE:
### PUNITIVE DAMAGES IN VIOLATION OF DUE PROCESS

An award of punitive damages would deprive Defendant of due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution where:

(a) liability for punitive damages has not been proven beyond a reasonable doubt, or at least by clear and convincing evidence; and,

(B) the award of punitive damages is disproportionate to actual damages.

## CONCLUSION

WHEREFORE, Defendants respectfully requests that judgment be entered in their favor and against Plaintiff in this matter, including for costs of defending this suit, and any other relief this Court deems necessary and proper.

## JURY DEMAND

Defendants hereby demand a jury trial for all issues so triable.

    Respectfully submitted,

    */S/ Thomas H. Freitag*
    THOMAS H. FREITAG
    Assistant Corporation Counsel

30 N. LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 742-7391
(312) 744-6566 (Fax)
Atty. No.: 06272245